FIORITA, APPELLANT, *v.* BACK, APPELLEE, ET AL.

(No. 2592—Decided September 29, 1960.)

*Messrs. Sharts, Singer & Brown,* for appellant.
*Messrs. Altick & McDaniel,* for appellee.

CRAWFORD, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County, dismissing the defendant James O. Back as a party defendant in an action for damages growing out of a motor vehicle accident.

Plaintiff brought an action for damages against Costalow Back and James O. Back, alleging that she had sustained personal injuries when the automobile in which she was riding as a passenger was struck head-on by a trailer, which was being pulled by a truck being driven by Costalow Back, and which im-

mediately before the collision had broken away from the truck and then travelled diagonally across the highway directly into the automobile which was approaching from the opposite direction. The trailer was attached to the truck by a drawbar or a spring-type latch, or bolt-type hitch, as described by the defendant. The trailer was hooked to the truck by what the State Highway Patrolman described as the standard safety chains. The outfit was owned by James O. Back, but the truck and trailer was being used without the knowledge or permission of James O. Back. His brother, Costalow Back, was engaged in the performance of his own enterprise. The driver testified that, while travelling at a rate of speed of 35 to 40 miles per hour eastward on the Needmore Road, which at that point is a double highway, and halfway across the bridge (389 feet long), he felt a jerk and applied the brakes on the truck, whereupon the trailer pushed the truck sideways for a short distance, then jerked again, and, at that point, the trailer's right wheel struck the curbing on the bridge; in an instant the driver saw the trailer passing him on the left, travelling in a diagonal direction across the highway, over the concrete divider in the center of the highway, and onto the north side of the highway, directly in the path of the westbound automobile.

At the close of all the evidence, the court sustained a motion of James O. Back for a directed verdict in his favor. The appeal is from the order dismissing James O. Back as a defendant.

Plaintiff assigns two claimed errors: That a jury question was presented as to whether James O. Back was guilty of negligence; and that a jury question was presented as to whether James O. Back and Costalow Back were engaged in a joint adventure.

We first determine whether the evidence is sufficient to go to the jury on the question of joint adventure. The record shows that Costalow Back was engaged in an enterprise of his own. True, in other work, at times, the two Backs worked on the same job, but with respect to this job James O. Back had no knowledge of or interest in the work. The elements of a joint adventure were not established. Furthermore, a joint adventure was not pleaded and there was no amendment. In our

opinion reasonable minds could reach but one conclusion, which would be adverse to plaintiff, appellant herein. This assignment of error is not well made.

We now consider the first error assigned: Was a jury question presented as to whether James O. Back was guilty of negligence? The plaintiff, in the petition, alleges that James O. Back was the owner of the truck and trailer; and that he "permitted defendant, Costalow Back, to operate this truck and trailer with safety chains which broke and permitted the trailer to part from the truck when the drawbar on the trailer became separated from the truck." This is the sole act of negligence charged against James O. Back. The appellant contends that this allegation and the evidence in support thereof make out a case under the provisions of Section 4513.02, Revised Code, which in part provides:

"No person shall drive or move, or cause or *knowingly permit* to be driven or moved, on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person." (Emphasis ours.)

The towing requirements and the safety appliances to be used are set forth in Section 4513.32, Revised Code, which in part provides:

"In addition to such drawbar or other connection, each trailer and each semitrailer which is not connected to a commercial tractor by means of a fifth wheel shall be coupled with stay chains or cables to the vehicle by which it is being drawn. Said chains or cables shall be of sufficient size and strength to prevent the towed vehicle's parting from the drawing vehicle in case the drawbar or other connection should break or become disengaged. * * *"

Appellant contends that the mere fact that the chains broke after the drawbar became disengaged is sufficient evidence to warrant the conclusion that the vehicles were not properly equipped with the required safety appliances, and that this evidence, together with other evidence that the chain was rusty, and had not been tested for strength before the accident, was sufficient to send the case to the jury. This contention completely ignores the provision in Section 4513.02, Revised Code, which provides that unless the person charged is the driver, it

must be shown that the person charged either caused or *knowingly* permitted the vehicle to be driven or moved. The petition does not charge that James O. Back either caused or *knowingly* permitted the vehicle to be driven or moved. Neither is there any evidence in the case supporting this charge, had it been made. On this issue there was not sufficient evidence to send the cause to the jury. This assignment of error is not well made.

*Judgment affirmed and cause remanded.*

WISEMAN, P. J., and KERNS, J., concur.